UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80008-DMM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

STEVEN A. SCHWARTZ,

        Defendant.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT STEVEN A. SCHWARTZ

This cause comes before the Court upon the Order Granting Plaintiff Securities and Exchange Commission's Unopposed Motion for Entry of Consent Judgment Against Defendant Steven A. Schwartz (the "Judgment"). By Consent of Defendant Steven A. Schwartz to Judgment of Permanent Injunction and Other Relief ("Consent"), Schwartz has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. (*See* DE 3-1). The Court finds good cause exists for entry of the Judgment.

The Court further orders as follows:

### I.

### PERMANENT INJUNCTIVE RELIEF

#### A. Sections 17(a)(1) and (3) of the Securities Act of 1933

**IT IS ORDERED AND ADJUDGED** that Schwartz is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77q(a)(1) and (3)) in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(1) any investment strategy or investment in securities,

(2) the prospects for success of any product or company,

(3) the use of investor funds, or

(4) compensation to any person.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Schwartz's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Schwartz or with anyone described in (a).

**B.** **Section 10(b) and Rules 10b-5(a) and (c) of the Securities Exchange Act of 1934**

**IT IS FURTHER ORDERED AND ADJUDGED** that Schwartz is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)) and Rules 10b-5(a) and (c) promulgated thereunder (17 C.F.R. § 240.10b-5(a) and (c)), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

>   (b)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

>   (1) any investment strategy or investment in securities,
>
>   (2) the prospects for success of any product or company,
>
>   (3) the use of investor funds, or
>
>   (4) compensation to any person.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Schwartz's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Schwartz or with anyone described in (a).

## II.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that upon motion of the Commission, the Court may order a civil penalty against Schwartz. In connection with the Commission's motion for a civil penalty, and at any hearing held on such a motion: (i) Schwartz will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (ii) Schwartz may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

III.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Schwartz is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent (DE 3-1) is incorporated herein with the same force and effect as if fully set forth herein, and Schwartz shall comply with all of the undertakings and agreements set forth therein.

V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Schwartz in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

VI.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Schwartz, and further, any debt for a civil penalty due by

4

Schwartz under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Schwartz of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

## VIII.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Consistent with this order, **FINAL JUDGMENT** is entered against Defendant Steven A. Schwartz.

2. The Clerk of Court shall **CLOSE THIS CASE.**

3. The Clerk shall also **DENY ALL** pending motions **AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 13 day of January, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE